UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR RIVERA,

    Petitioner,

v.                                                        CASE NO. 6:08-cv-1190-Orl-31GJK

SECRETARY, FLORIDA DEPARTMENT
  OF CORRECTIONS, et. al.,

    Respondents.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Petitioner subsequently filed an amended habeas petition (Doc. No. 9). Respondent filed a response to the amended petition (Doc. No. 18), and Petitioner filed a reply to the response (Doc. No. 24).

I.    *Procedural History*

On July 17, 2002, the trial court adjudicated Petitioner guilty of burglary of a dwelling and aggravated battery causing great bodily harm. Petitioner was sentenced to imprisonment for a term of twelve years as to the burglary count and for a term of ten years as to the aggravated battery count, with the sentences to run concurrently. Petitioner did not file a direct appeal.

On August 21, 2002, Petitioner filed a motion for mitigation of sentence which was

denied on September 9, 2002. On October 30, 2002, he filed a motion for post conviction relief; however, he moved to voluntarily dismiss it on March 4, 2003, and it was dismissed on April 22, 2003.

On June 17, 2003, Petitioner filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.[1] The motion was supplemented with additional pleadings filed on November 3, 2003 and March 31, 2004. The motion was denied on April 13, 2004. Petitioner appealed the denial to the Fifth District Court of Appeal, which affirmed *per curiam* on July 27, 2004. Mandate was issued on August 13, 2004.

Petitioner next filed a petition for a belated direct appeal with the state appellate court on July 25, 2006. The appellate court entered an opinion on December 8, 2006, finding that the petition was untimely by three years and that Petitioner had made a false statement under oath in the petition. The appellate court had previously ordered Petitioner to show cause why he should not be sanctioned for perjury based on conflicting allegations he made in 2003 and 2006. In light of his response and the patent evidence of perjury, the appellate court directed the clerk to forward a copy of the petition to the Tomoka Correctional Institution for consideration of disciplinary proceedings. Petitioner received thirty days in disciplinary confinement and lost thirty days of gain time.

---

[1] Although the motion was actually filed with the state trial court on June 23, 2003, under the "mailbox rule," the motion would be deemed filed on June 17, 2003, the date when the motion was submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

## II. Petitioner's Habeas Petition is Untimely

## A. Legal Standard

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B. Discussion of Petitioner's Case

In the present case, Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered. *See* Fla. R. App. P. 9.110(b). Since the judgment of conviction was entered on July 17, 2002, the time for

seeking a direct appeal expired on August 16, 2002. Petitioner then had until August 16, 2003, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was filed on July 15, 2008, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his motion for mitigation of sentence on August 21, 2002, 5 days of the on-year period had run. Those proceedings concluded on September 9, 2002.

The one-year period then ran for 51 days until Petitioner filed his first Rule 3.850 motion on October 30, 2002. Those proceedings concluded on April 22, 2003, when the trial court granted his request to voluntarily dismiss the motion.

The one-year period then ran for 56 days until Petitioner filed his second Rule 3.850 motion on June 17, 2003. Those proceedings concluded on August 13, 2004, when the state appellate court issued mandate with regard to the appeal of the denial of his second Rule 3.850 motion. At that point, a total of 112 days of the one-year period had run. Thus, the one-year period expired 253 days later on April 25, 2005, and the instant habeas petition was untimely.[2]

Petitioner does not dispute that the instant petition was untimely. He argues that his failure to comply with the one-year period should be excused because he is "actually innocent" of the crimes of which he was convicted. For purposes of this discussion, the

---

[2]The one-year period of limitation technically expired on April 23, 2005, which fell on a Saturday.

Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[3] "[I]n order to present a valid claim of actual innocence the petitioner must show that there is reliable 'new' evidence (i.e. not presented at trial) 'showing that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998). In the present case, Petitioner merely asserts that he is actually innocent of the crimes. His allegations on this matter are insufficient to undermine the Court's confidence in the outcome of Petitioner's criminal proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Therefore, he does not come under the actual innocence exception, if such an exception exists.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by Hector Rivera is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to

---

[3]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 2nd day of November, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 11/2
Counsel of Record
Hector Rivera